IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:19CR330 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| CLAYTON HALL | ) | GOVERNMENT'S TRIAL BRIEF |
| GREGORY D. FRANKLIN II, | ) | |
| | ) | |
| Defendants. | | |

Now comes the United States of America, by and through its counsel, Justin E. Herdman, United States Attorney, and Elliot Morrison and Bryson N. Gillard, Assistant U.S. Attorneys, and hereby submits the following trial brief to address anticipated legal and evidentiary issues.

## I. INTRODUCTION

The government first addresses the parties' proposal for addressing a narrow issue raised by the First Step Act's changes to the controlling law, which is not yet addressed in the Sixth Circuit pattern instructions. Next, the government addresses four potential evidentiary issues:

- *First*, the Government will seek to admit statements made by Defendants and by others with whom Defendants were conspiring to distribute controlled substances as party opponent statements under Federal Rule of Evidence 801(d)(2)(E).

- *Second*, the Court should admit evidence of audio recorded jail calls between Defendants along with a synchronized transcript to be used as a jury aid.

- *Third*, Defendant Hall was actively trafficking drugs before and during the timeframe covered by the indictment.  This evidence is inextricably intertwined with or *res gestae* background evidence of the drug conspiracy—completing the story of the relationship between Defendants, that of a drug retail seller and drug supplier.  Alternatively, even if the Court concludes that these matters are not intrinsic, these facts are admissible under Rule 404(b) to show, for example, intent, plan, and knowledge.

- *Fourth*, the Court should allow the bifurcation of the testimony of one of the two lead investigators to allow for the presentation of the evidence in a manner that will be more chronological and easier for the jury to understand.

## II.     STIPULATIONS AND RECOMMENDED BIFURCATION OF A NARROW PENALTY ENHANCEMENT ISSUE

The parties have conferred and are likely to be in agreement regarding the proposed jury instructions, which follow the Sixth Circuit's pattern instructions whenever possible.  The government also sets forth the parties' proposal to bifurcate the jury's consideration of the facts underlying the enhanced penalties for certain counts, which enhancements depend on Defendants' prior convictions and are expected to be resolved by stipulation.

Defendants are charged in count 1 with Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846, 841(a)(1) (b)(1)(A) and (b)(1)(B).  Defendants are charged in Counts 2-9 with Possession with the Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 841(a)(1) and 841(a)(1) (b)(1)(A), (b)(1)(B), and (b)(1)(C).  Some of these counts carry enhanced penalties based on the weight of the substances involved.  The Sixth Circuit pattern instructions thoroughly cover and address those issues.

However, some counts also carry enhanced statutory penalties under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) and § 851 if a defendant has a prior conviction for a "serious drug felony" or "serious violent felony," and the defendant had served more than a year in prison on such a conviction. *See* 21 U.S.C. § 802(57) (definition of "serious drug felony"), § 802(58) (definition of "serious violent felony"). Prior drug convictions, however, do not suffice if a defendant was released from serving his sentence more than 15 years before commencing the instant offense. 21 U.S.C. § 802(57).

Unlike with the Armed Career Criminal Act or other criminal history enhancements, this enhancement depends not only on the fact of the prior conviction, but also the sentence served and the timing of the release. As a result, this issue cannot be decided by the Court without Defendants waiving their rights to jury consideration. Defendant Franklin has agreed, and the government understands that Defendant Hall intends to similarly agree, that they have the prior convictions alleged in the General Allegations section of the Superseding Indictment, and served more than a year on each case (and did so within the required timeframe if applicable). But neither defendant is by that stipulation waiving any legal challenge to the sufficiency of the conviction under the categorical approach. Accordingly, the parties have agreed to first submit the issue of their guilt in all other respects to the jury, and then to consider whether to submit the penalty enhancement issue to the jury based on the parties' stipulation, or waive Defendants' right to have the jury decide that narrow issue to permit defense counsel additional time to present any legal arguments they may wish to make regarding the sufficiency of the prior convictions at issue. In either case, with both defendants stipulating to their criminal history, the government will agree not to introduce their prior convictions for this purpose in its case in chief in the main trial.

In addition, Defendant Franklin is charged in Counts 10-11 with Felon in Possession of Firearm and Ammunition and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. These offenses are thoroughly covered by the pattern instructions, as outlined in the parties' proposed instructions. The government and Franklin have reached stipulations regarding his having known that he was a convicted felon at the time of his alleged possession of the firearm and ammunition, and as to the interstate nexus of the firearm and ammunition.

## III. ANTICIPATED EVIDENTIARY ISSUES

### A. DEFENDANTS' STATEMENTS, AND HIS COCONSPIRATORS' STATEMENTS ARE SUBSTANTIVELY ADMISSIBLE UNDER RULE 801(d)(2) ONLY WHEN OFFERED BY THE GOVERNMENT.

The Government intends to admit some of Defendants' out-of-court statements for the truth of the matters asserted. Those statements include Defendants' statements in the following contexts:

- A body camera video-recording of Defendant Hall's statement;
- Audio-recording of jail calls; and
- Text and other messages sent by electronic devices, recovered from seized mobile phones;

Out-of-court statements made by a party-opponent are excluded from the definition of hearsay under Rule 801(d)(2), but this exception does not apply when the same statements are offered by the party himself. The party-opponent exception reflects the fact that the adversarial process allows the party-declarant to rebut his or her own admissions by testifying at trial. *See United States v. McDaniel*, 398 F.3d 540, 545 (6th Cir. 2005). This exception does not, however, extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses. *See United States v. Payne*, 437 F.3d 540, 547-48 (6th Cir. 2006).

Precluding a defendant from eliciting inadmissible hearsay statements does not violate the Confrontation Clause. *See United States v. Ford*, 761 F.3d 641 (6th Cir. 2014).

Therefore, the Government respectfully requests that the Court prohibit defendant from introducing any of his out-of-court statements at trial through any witness other than himself.

B.     ADMISSIBILITY OF RECORDINGS AND TRANSCRIPTS

The United States will introduce audio recordings of conversations between Defendants and coconspirators, obtained through jail calls between Defendants. A synchronized transcript will be offered as a jury aid to be used while the conversations are being played. The government may seek to admit the transcripts as exhibits for the jury.[1] The Sixth Circuit reviewed the standards for admission of "composite" recordings and transcripts in the cases *United States v. Scarborough*, 43 F.3d 1021, 1024 (6th Cir. 1994) and *United States v. Segines*, 17 F.3d 847, 854 (6th Cir. 1994).[2]

> "It is well settled that the admission of tape recordings at trial rests within the sound discretion of the trial court." *United States v. Robinson*, 707 F.2d 872, 876 (6th Cir. 1983). In order to be admissible the district court must determine whether the tapes are "audible and sufficiently comprehensible for the jury to consider the contents." *Robinson*, 707 F.2d at 876. The district court abuses his discretion only "where the unintelligible portions of a tape recording are so substantial that the recording as a whole is rendered untrustworthy." *United States v. Scaife*, 749 F.2d 338, 345 (6th Cir. 1984).

---

[1]     Even absent a stipulation by the parties, the Sixth Circuit has repeatedly affirmed the validity of this procedure, so long as there is a preliminary foundation as to the preparation and accuracy of the transcripts. *United States v. West*, 948 F.2d 1042, 1044 (6th Cir. 1991). This is so, especially when accompanied by a cautionary instruction that the recording, and not the transcript, is the evidence to be considered by the jury. See Pattern Criminal Jury Instructions, U.S. Sixth Circuit District Judges Association (2019), Section 7.17. In the instant case, a reviewing agent has compared the transcripts with the recorded conversations and will testify that the transcripts are a fair and accurate transcription of the various conversations.

[2]     A "composite" recording is one in which only relevant portions of a conversation are presented with the non-pertinent portions of the conversation being removed. The government may admit only excerpts of some recordings, but will make clear when the recordings have been excerpted.

*Scarborough*, 43 F.3d at 1024.

The admission of audio recordings in evidence is subject to the rules of evidence generally.  Accordingly, a proper foundation must be laid for their admission, and the recordings must be relevant and not privileged.  Where practical, the original recordings should be used, pursuant to Fed. Rule 1002, and when telephone conversations are involved, evidence should be offered as to the correct telephone number, Rule 901(b)(6). *United States v. Watson*, 594 F.2d 1330, 1335 (10th Cir.), *cert. denied, Brown v. United States*, 444 U.S. 840 (1979).  However, under Fed. Rule 1003, a duplicate is admissible to the same extent as an original unless there is a genuine question about the authenticity of the original or it would be unfair to admit the duplicate.  The Sixth Circuit has discussed what necessary foundation for a recording is:

> While we have not in our prior cases indicated precisely what foundation is necessary to admit audiotapes where the challenge is to their admission generally, other circuits have alternately held that the district court must be satisfied that the recording is accurate, authentic, and generally trustworthy, that simply required is proof that the tape recording accurately reflects the conversation in question, or that a proper foundation may be established in two ways: a chain of custody… or alternatively, other testimony could be used to establish the accuracy and trustworthiness of the evidence.

*United States v. DeJohn*, 368 F.3d 533, 542 (6th Cir. 2004) (citations and quotation marks omitted).

      C.    <u>DEFENDANTS' PATTERN OF DRUG TRAFFICKING SHOULD BE ADMITTED AS INTRINSIC EVIDENCE OR OTHERWISE ESSENTIAL RES GESTAE EVIDENCE, OR IN THE ALTERNATIVE, AS 404(b) EVIDENCE.</u>

The United States anticipates introducing evidence that is inextricably intertwined or otherwise *res gestae* background evidence essential for the jury to understand the underlying events.  In particular, the United States anticipates testimony of Defendant Hall's drug trafficking activity prior to and during the timeline of the conspiracy between both Defendants that were the bases of the October, November, and March search warrants executed at Hall's

6

residence—in particular, the controlled buys that led to those warrants. The government will also elicit evidence of the heart of the conspiracy, communications evidencing Defendant Hall's role as the retail seller and Defendant Franklin's role as the source of supply for Hall—to which this *res gestae*/404(b) analysis should not even apply.

The Sixth Circuit has deemed that Rule 404 of the Federal Rules of Evidence does not bar "background" or *res gestae* evidence. In *United States v. Hardy*, the Sixth Circuit announced, "[t]his court has previously recognized the propriety of introducing 'background' evidence. Such evidence, often referred to as 'res gestae' does not implicate Rule 404(b)." 228 F.3d 745, 748 (6th Cir. 2000) (citing *United States v. Buchanan*, 213 F.3d 302, 311 (6th Cir. 2000). The *Hardy* court then explained:

> Rather, the very definition of what constitutes background evidence contains inherent limitations. *Buchanan, Paulino* and other cases dealing with this issue teach that background or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense.
>
> Proper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense.

228 F.3d at 748 (emphasis added) (citing 2 Jack B. Weinstein, Margaret A. Berger & Joseph M. McLaughlin, *Weinstein's Federal Evidence*, § 404.20[2][c] and [d]; *United States v. Weinstock*, 153 F.3d 272, 277 (6th Cir.1998); *United States v. Barnes*, 49 F.3d 1144, 1149 (6th Cir.1995); *United States v. Townsend*, 796 F.2d 158, 162 (6th Cir.1986); *United States v. Cunningham*, 103 F.3d 553, 557 (7th Cir.1996); and Jennifer Y. Schuster, *Uncharged Misconduct Under Rule 404(b): The Admissibility of Inextricably Intertwined Evidence,* 42 U. Miami Law Review 947 (March/May 1998) (*See United States v. Rice*, 2004 WL 333800 (6th Cir. 2004). Therefore,

evidence of background, res gestae, or a continuing pattern of illegal activity is properly admissible as it is not precluded by Rule 404(a) of the Federal Rules of Evidence.

In this case, understanding the context of this the charges offenses—Hall's having sold to informants shortly before detectives seized small amounts of drugs, large amounts of drug proceeds, and drug paraphernalia in October and November 2018—is essential to the government's proof and needed for the jury to properly deliberate with all appropriate evidence. It is "directly probative of the charged offense," "forms an integral part of witnesses' testimony," and is necessary to "complete[] the story of the charged offense." *Hardy*, 228 F.3d at 748. The United States therefore anticipates offering this information into evidence on these grounds.

The aforementioned evidence is also inextricably intertwined with the underlying case. In *United States v. Barnes*, the Sixth Circuit held:

> [T]he Court of Appeals explained that Rule 404(b) does not apply where the challenged evidence is "inextricably intertwined" with evidence of the crime charged in the indictment. When the other crimes or wrongs occurred at different times and under different circumstances from the offense charged, the deeds are termed "extrinsic." "Intrinsic" acts on the other hand, are those that are part of a single criminal episode.

49 F.3d 1144, 1149 (6th Cir. 1995) (citing *United States v. Torres*, 685 F.2d 921, 924 (5th Cir. 1982); *see also United States v. Henderson*, 626 F.3d 326 (6th Cir. 2010) ("Where the challenged evidence is 'intrinsic' to, or 'inextricably intertwined' with evidence of, the crime charged, Rule 404(b) is not applicable"); *United States v. Daulton*, 266 F. App'x 381 (6th Cir. 2008) (citation omitted) ("Evidence is inextricably intertwined when the charged conduct and the uncharged conduct 'are part of the single criminal episode or the other acts were necessary preliminaries to the crime charged.'"); *United States v. Rozin*, 664 F.3d 1052 (6th Cir. 2012) (in tax fraud case, evidence of prior year activities not 404(b), but rather intrinsic evidence); *United States v. Monsour*, 893 F.2d 126 (6th Cir. 1990) (investigative link evidence, such as the

8

defendant acting "suspiciously" at another bank branch a few days prior to the robbery, was intrinsic evidence). Therefore, when other acts are "intrinsic" to charged conduct or part of a single criminal episode they are "inextricably intertwined" and not subject to a Rule 404(b) analysis.

In other instances, evidence is intrinsic when exclusion would leave a "chronological or conceptual void in the story of the crime," *United States v. Ojomo*, 332 F.3d 485, 488-89 (7th Cir. 2003), or when the acts complete the story of the crime on trial. *United States v. Senffner*, 280 F.3d 755, 764 (7th Cir. 2002), or explains the circumstances of the case. *United States v. Holt*, 460 F.3d 934 (7th Cir. 2006); *cf. United States v. Poulsen*, 655 F.3d 492 (6th Cir. 2011) (evidence from defendant's related separate obstruction of justice case admissible as 404(b) consciousness of guilt evidence in his securities case); *United States v. Martinez*, 430 F.3d 317 (6th Cir. 2005) (evidence that part of the conspiracy is not "other acts" evidence).

These analyses apply with equal or greater force to Hall's constant drug trafficking until his fourth strike and final arrest on March 28, 2019. Similarly, it provides necessary context to Hall's need for Franklin's supply in the conpiracy. It completes the story of the crime on trial, and its absence would leave a conceptual void in the story. *Senffner*, 280 F.3d at 764; *Ojomo*, 332 F.3d at 488-89. It is also necessary to explain the circumstances of the case. *Holt*, 460 F.3d at 934.

At a minimum, and in the alternative, all of this evidence would qualify as other bad acts admissible under Rule 404(b) to show intent, preparation, plan, absence of mistake or accident, and—especially—knowledge:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such

9

>as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*United States v. Jenkins*, 593 F.3d 480, 484 (6th Cir. 2010) (quoting Fed. R. Evid. 404(b)). The Sixth Circuit requires a district court to make three findings before admitting evidence under Rule 404(b). The district court must find: (1) the bad acts occurred, (2) the evidence helps prove a material issue, and (3) the evidence passes the balancing test of Rule 403. *United States v. Gold Unlimited, Inc.*, 177 F.3d 472, 488 (6th Cir. 1999). Under the second prong, the Court should consider the probative value of the evidence and the purpose for which it is offered. "The evidence is probative of a material issue if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Corsmeier*, 617 F.3d 417, 420 (6th Cir. 2010) (citing *United States v. Bell*, 516 F.3d 432, 441 (6th Cir. 2008)).

Here, the Government must prove that Defendant Hall trafficked drugs in October and November of 2018 prior the execution of search warrants at his home during those months. Further, the government has to prove that Defendant possessed the drugs found in his home knowingly or intentionally, and that both Defendants later possessed larger distribution quantities of cocaine, fentanyl, and heroin knowingly or intentionally. Evidence of this ongoing trafficking and this history of trafficking will help show that each Defendant knew what he was doing, and intended to distribute the controlled substances they possessed. It will also show that they knew the substances were controlled substances, and was not mistaken about their nature. The issues of Defendants' intent, plan, and knowledge are at the core of this trial. Finally, no undue prejudice will result, and any prejudice would not substantially outweigh the evidence's probative value. Accordingly, all of this evidence is, at a minimum, admissible under Rule 404(b), and the Government hereby gives notice of its intent to offer such evidence.

D.  BIFURCATION OF INVESTIGATOR TESTIMONY

This Court should allow the bifurcation of the testimony of one of the lead investigators, Det. William Salupo. Det. Salupo is one of the two lead investigators, and the other lead investigator (Det. Lawrence Smith) may be unavailable for medical reasons. Det. Salupo's testimony is particularly critical for the early incidents at issue in the facts of this case, as he participated in many of the controlled buys, traffic stops, and search warrants at issue.

His testimony will also be particularly important to explain the later stages of the investigation, including the jail calls that led to the discovery of Franklin's role, and following Franklin's arrest, the analysis of phones seized from both Hall and Franklin—based on technical assistance provided by other investigators who the government anticipates calling after testimony is elicited about the seizure of the telephones. Bifurcating the testimony will therefore enable the presentation of the evidence in a chronological and more easily understood manner.

**IV.  CONCLUSION**

For these reasons, the Government requests that the Court rule in accordance with the law set forth above if any disputed evidentiary or procedural issues arise at trial.

    Respectfully submitted,

    JUSTIN E. HERDMAN
    United States Attorney

By:  /s/ Elliot Morrison
    Elliot D. Morrison (OH: 0091740)
    Assistant United States Attorney
    United States Court House
    801 West Superior Avenue, Suite 400
    Cleveland, OH 44113
    (216) 622-3919
    (216) 522-8355 (facsimile)
    Elliot.Morrison@usdoj.gov

    /s/ Bryson N. Gillard
    Bryson N. Gillard (NY: 5415864)

                                                      Assistant United States Attorney
                                                      United States Court House
                                                      801 West Superior Avenue, Suite 400
                                                      Cleveland, OH 44113
                                                      (216) 622-3925
                                                      (216) 522-8355 (facsimile)
                                                      Bryson.Gillard@usdoj.gov

Case: 1:19-cr-00330-DCN Doc #: 62 Filed: 03/01/20 12 of 13. PageID #: 164

CERTIFICATE OF SERVICE

    I hereby certify that on this 1st day of March 2020, a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

                /s/ Elliot Morrison
                Elliot D. Morrison
                Assistant U.S. Attorney